**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:20-cv-24608-JEM

BEVERLY JENKINS,

    Plaintiff,

v.

THE GeoGroup, INC. d/b/a
WELL PATH Recovery Solutions, LLC,
a/k/a GEOCARE, LLC,

    Defendant.
_____/

### REPORT AND RECOMMENDATION DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION

THIS CAUSE came before the Court upon Plaintiff Beverly Jenkins' ("Plaintiff") Application for Leave to Proceed In Forma Pauperis, ECF No. [3][1] (the "Motion"). The Honorable Jose E. Martinez, United States District Judge, has referred the Motion to the undersigned Magistrate Judge "for a ruling on all pre-trial, non-dispositive matters, and for a Report and Recommendation on all dispositive matters, including any pending motions." ECF No. [5].

For the reasons explained below, it is hereby **RECOMMENDED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis be **DENIED** and that the action be **DISMISSED WITHOUT PREJUDICE**.

### I.  STANDARD OF REVIEW

Plaintiff has moved for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915; therefore, the screening provision of Section 1915(e) is applicable. Pursuant to Section 1915(e),

---

[1] Plaintiff submitted two other documents titled Motion for Leave to Proceed In Forma Pauperis which are identical to ECF No. [3].  *See* ECF Nos. [9], [11].

"the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Frivolous claims include claims "describing fantastic or delusional scenarios." *Id.* at 328. "At the same time, pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. Thus, wildly implausible allegations in the complaint should not be taken to be true, but the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted).

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim for relief, a plaintiff must "plead[] 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jones v. Gadsden County Sch.*, 755 Fed. App'x. 954, 955 (11th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). With respect to whether a complaint "fails to state a claim on which relief may be granted," Section 1915(e)(2)(B)(ii) mirrors the language of

Rule 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1489–90 (11th Cir. 1997). As a pro se litigant, Plaintiff is entitled to the Court's liberal construction of the Complaint. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (*per curiam*). Nonetheless, the Court may dismiss the Complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e).

## II.     THE INSTANT APPLICATION

Plaintiff's Complaint should be dismissed. Even affording the most liberal reading of its allegations, as we must, it is entirely unclear what her claims are or what the factual basis of those claims might be. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984) (affirming dismissal by the District Court of claims against a number of defendants where plaintiff failed to supply anything other than conclusory allegations and did not provided a factual basis supporting the claims). Plaintiff's Amended Complaint seeks relief under multiple causes of action against the GeoGroup, Inc. ("GeoGroup"), Well Path Recovery Solutions, LLC ("Well Path"), and GeoCare, LLC, ("GeoCare") (collectively, "Defendants"). Specifically, Plaintiff states that she "seeks relief in the form of an order granting [the] Writ of Mandamus compelling the formal party to execute a clear legal duty . . . to execute equal protections of the law and formal proceedings and Orders as is required under Due Process of Law" under the 5th and 14th Amendments. ECF No. [6] at 6. As the basis for those claims, Plaintiff alleges that there was an "abuse of discretion committed by the formal party," which denied Plaintiff her right to due process and equal protections of the law guaranteed under the Fifth and Fourteenth Amendments to the U.S. Constitution. *Id.* at 2. What the abuse of discretion at issue might be is not stated in any allegation of the Amended Complaint.

Plaintiff requests that Defendant be compelled to "execute a clear legal duty" in order to remedy her violations. *Id.* at 6. What the clear legal duty at issue might be or the factual basis for which the Court could provide any remedy is undiscernible. In addition, the Complaint contains several examples of alleged procedural difficulties with the instructions and requirements for *pro se* litigants. *Id.* at 3–6. However, it is unclear how and under what basis the Court's requirements for pro se litigants would run afoul of any federal right. Even under the relaxed pleading standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 Fed. App'x. 342, 343 (11th Cir. 2005), Plaintiff's Amended Complaint does not include sufficient factual matter to allow the Court to reasonably infer what the claim or claims for relief against the Defendants may be.

Finally, Plaintiff alleges that "defendant was never **required** by the formal party to withstand its burden of truth and proof required to prove its allegations" and that "defendant never was <u>required</u> to comply with Due process of law requirements as it pertains to scheduling its hearing for depositions . . . ." ECF No. [6] at 4 (emphasis in original). In reviewing all the materials provided by Plaintiff, the Court noted that there were two lawsuits in Florida state court filed by Plaintiff against some or all these Defendants. Given that information, the undersigned reviewed those matters and found that Plaintiff filed an action against Geo Care, LLC. *See Jenkins v. Geo Care, LLC*, No. 13-37813 CA09 (Fla. 11th Cir. Ct.) in 2013 (the "2013 Case"). In that case, from December 2013 through March 2015, Plaintiff filed a total of sixteen complaints and amended complaints alleging a myriad of actions. That case was dismissed with prejudice upon the defendants' motion to dismiss. *Jenkins v. Geo Care, LLC*, No. 13-37813 CA09, 2015 WL 1309970, at *1 (Fla. 11th Cir. Ct. Mar. 24, 2015). Plaintiff appealed to the Third District Court of Appeal and to the Florida Supreme Court, which both summarily dismissed the case. *Jenkins v. GEO Care, LLC*, 208 So. 3d 91 (Fla. Dist. Ct. App. 3d Dist. February 3, 2016) (affirming Miami–

Dade's Eleventh Judicial Circuit's dismissal of the action); *Jenkins v. Geo Care, LLC*, 2016 Fla. LEXIS 1182, *1, 2016 WL 3176755 (Fla. June 7, 2016) (affirming the dismissal).

On June 28, 2016, Plaintiff filed a Writ of Mandamus asking the Florida court to "compel the District Court to perform its duties of: 1. following precedent authority, . . . and perform certification procedure[s], and 2. enforce rules of civil procedure, with instructions for the lower tribunal to hold a new hearing."  Writ of Mandamus, *Jenkins v. Geo Care, LLC*, No. SC16-1176 (Fla. June 30, 2016).  The Supreme Court of Florida dismissed the writ of mandamus.  *Jenkins v. GEO Care, LLC*, No. SC16-1176, 2016 WL 3654375, at *1 (Fla. July 6, 2016) (dismissing the petition for writ of mandamus).  Plaintiff attempted to reopen the 2013 Case in 2019 and filed over 40 documents on the docket without leave of the court to that end.  Motion to Re-Open, *Jenkins v. Geo Care, LLC*, No. 13-37813 CA09 (Fla. 11th Cir. Ct. May 28, 2019).

In 2019, Plaintiff filed a second action against Geo Care, LLC, under a new case number alleging similar claims (the "2019 Case").  *See Jenkins v. GeoCare LLC*, No. 2019-030461-CA-01 (Fla. 11th Cir. Ct. Oct. 17, 2019).  The complaint in the 2019 Case was again dismissed with prejudice on March 16, 2020.  Order of Dismissal, *Jenkins v. GeoCare LLC*, No. 2019-030461-CA-01 (Fla. 11th Cir. Ct. Mar. 16, 2020) (No. 91).  On July 5, 2020, the Florida Circuit Court Judge granted sanctions against Plaintiff in connection with the 2019 Case, striking her Motion to Vacate Judgement for being frivolous, ordering that Plaintiff may not file any documents *pro se*, ordering the Clerk to reject any *pro se* filings of Plaintiff, and ordering Plaintiff to pay reasonably attorneys' fees and costs of Defendants for prosecuting the Motion for Sanctions because her "vexatious and bad faith litigation" that has caused an unnecessary burden on Defendants.  Order on Motion to Strike at 7–8, *Jenkins v. GeoCare LLC*, 2No. 019-030461-CA-01 (Fla. 11th Cir. Ct. July 5, 2020) (No. 155).  On October 26, 2020, the Florida Circuit Court denied the Motion to Re-

Open the 2013 Case and specified that Plaintiff was not to send any motions to the court through email to the Judicial Assistants and noted "[a]ny motions emailed to the Judicial Assistant shall be ignored until filed by Jenkins."  Order Denying Motion to Re-Open at 1, *Jenkins v. Geo Care, LLC*, No. 13-37813 CA09 (Fla. 11th Cir. Ct. Oct. 26, 2019) (No. 80).

To the extent this claims seeks redress for the state court proceedings, something Plaintiff does not state, but the Court surmises from its review of the Amended Complaint and the state court record, this Court has no authority to grant any relief under the *Rooker-Feldman* doctrine. "The *Rooker–Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001); *see Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983).

The Eleventh Circuit has defined the doctrine as follows:

> [t]he Rooker–Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts.  The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are inextricably intertwined with a state court judgment.  A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

*Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir.2000) (en banc) (citations and quotations omitted). As such, this Court has no authority to review the final judgment of the state court.  Moreover, the Court cannot discern what federal claim might exist that would not be intertwined with the state case.

### III.    RECOMMENDATION

Therefore, in accordance with the foregoing Report and Recommendation, the undersigned hereby **ORDERS** that Plaintiff's Application for Leave to Proceed In Forma Pauperis be **DENIED**. Further, the undersigned **RECOMMENDS** that Plaintiff's action be **DISMISSED AS FRIVOLOUS** pursuant to 28 U.S.C. § 1915(e)(2)(B) and that all pending motions be **DENIED AS MOOT**.

### IV.   OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Any request for an extension of this deadline must be made within seven (7) calendar days from the date of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."   11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 24th day of March, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE