UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 20-24608-CIV-MARTINEZ-BECERRA

BEVERLY JENKINS,

    Plaintiff,

v.

THE GEOGROUP, INC.,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

**THIS MATTER** was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, for all pretrial purposes, including Plaintiff's Motion to Proceed in Forma Pauperis ("Motion"), (ECF No. 3).[1]  Magistrate Judge Becerra filed a Report and Recommendation, (ECF No. 14), recommending that (1) the Motion be denied; and (2) the case be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e).  Plaintiff timely filed objections to Judge Becerra's report and recommendation.  (ECF No. 15).  After conducting a *de novo* review of the record, the Court **OVERRULES** the objections and **AFFIRMS** and **ADOPTS** Judge Becerra's report and recommendation in its entirety.

As a preliminary matter, the Court addresses Plaintiff's objection that she ". . . **Never filed** any application titled: "**leave to proceed in forma pauperis and dismissing Action.**"  (ECF No. 15, at 2 (emphasis in original)).  Plaintiff argues that the report and recommendation is somehow "the Respondent's unsupported application seeking a dismissal via way of misconstruing the

---

[1] Plaintiff filed two other documents titled Motion for Leave to Proceed In Forma Pauperis which are identical to ECF No. 3.  (*See* ECF Nos. 9, 11).

wording on the motions [she] filed in this court." (*Id.*) To the extent Plaintiff is implying that the report and recommendation was filed by Defendant, this contention is misplaced. To clarify, this case was referred to Magistrate Judge Becerra pursuant to 28 U.S.C. § 636 for all pretrial matters. (*See* ECF No. 5). Judge Becerra issued a report and recommendation pursuant to 28 U.S.C. 636(b)(1)(C) and allowed fourteen days for objections. Plaintiff timely filed objections to the report and recommendation and the Court conducted a *de novo* review of the proposed findings and recommendations. *See id.* (requiring courts to conduct a *de novo* review when objections are filed). Further, Judge Becerra's report and recommendation is premised on the Court's authority to dismiss a frivolous action pursuant to 28 U.S.C. § 1915(e), not a motion brought by Defendant, as Plaintiff appears to aver.

Because Plaintiff filed a motion to proceed *in forma pauperis*, her complaint is subject to screening. *See also Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007), *cert. denied*, 552 U.S. 994 (2007); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).[2] Pursuant to Section 1915(e), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff is entitled to the Court's liberal construction of the Complaint. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). Nonetheless, the Court may dismiss the Complaint as frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Under both Sections 1915(e)(2)(B) and 1915A, a complaint must be dismissed if the court

---

[2] Plaintiff is a non-prisoner proceeding *in forma pauperis*. Section 1915(e)(2)(B)(i) "applies to anyone proceeding *in forma pauperis*, 'prisoners and non-prisoners alike.'" *Dingler v. Georgia*, 725 Fed. App'x 923, 927 (11th Cir. 2018); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (explaining that 28 U.S.C. § 1915(a)(1) applies to all persons requesting leave to proceed in forma pauperis).

determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a complaint may be dismissed for failure "to state a claim for relief that is plausible on its face."). To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), and courts apply the same standard in both contexts. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff must "plead[] 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jones v. Gadsden County Sch.*, 755 Fed. App'x. 954, 955 (11th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

The Court agrees with Judge Becerra's report and recommendation that the Amended Complaint should be dismissed. As aptly pointed by Judge Becerra, "it is entirely unclear what her claims are or what the factual basis of those claims might be." (ECF No. 14, at 3). Plaintiff's Amended Complaint is devoid of any explanation as to what "legal duty" Defendant purportedly has towards her, or what the violation of the alleged duty may have been. Even after reviewing Plaintiff's objections, where she cites to other parts of the record as "evidence" of her claims, the Court is unable to discern what claims she is bringing or what relief she is seeking from this Court. Accordingly, the Amended Complaint must be dismissed without prejudice. Plaintiff may file a second amended complaint. The Court, however, warns Plaintiff that her complaint must contain

a cohesive recitation of the factual and legal allegations, and must separate into different counts each cause of action.

After careful consideration, it is **ADJUDGED** that United States Magistrate Judge Becerra's Report and Recommendation, (ECF No. 14), is **AFFIRMED** and **ADOPTED**.

**IT IS FURTHER ADJUDGED that:**

1. Plaintiff's Complaint, (ECF No. 6), is **DISMISSED without prejudice** for failure state a claim. Plaintiff may file an amended complaint **no later than June 28, 2021**.

2. Plaintiff's Objections, (ECF No. 15), are **OVERRULED**.

3. This case is **CLOSED** and all pending motions are **DENIED as moot**. The case will be re-opened should Plaintiff file an amended complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of May, 2021.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Beverly Jenkins, *pro se*